U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JAN 12 PM 4: 22

CLERK
BY ⟋⟋⟋
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:10-cr-88 |
| | ) | |
| DAVID BAEZ GARCIA | ) | |

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING DEFENDANT'S AMENDED § 2255 PETITION AND MOTION FOR
RESTORATION OF APPELLATE RIGHTS, AND
DENYING A CERTIFICATE OF APPEALABILITY**
(Docs. 648, 668, 671, & 688)

This matter came before the court for a review of the Magistrate Judge's August 24, 2020 Report and Recommendation ("R & R") (Doc. 688), recommending that the court deny the initial and amended 28 U.S.C. § 2255 petitions filed by Defendant David Baez Garcia in which he seeks a reduction of his below-Guidelines sentence of 204 months imprisonment based on his claims of ineffective assistance of counsel. (Docs. 648, 668.) The Magistrate Judge further recommended that the court deny Defendant's motion for restoration of his appellate rights, which Defendant contends is warranted because his counsel provided ineffective assistance by advising him "he could not file a direct appeal." (Doc. 671 at 1.) The government opposes the motions. In March of 2020, Defendant's trial attorneys, David J. Williams, Esq. and Brooks G. McArthur, Esq., filed affidavits addressing Defendant's arguments. Neither party has filed an objection to the R & R, and the time to do so has expired.

Defendant is self-represented. The government is represented by Assistant United States Attorney Nathanael T. Burris.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his thorough twenty-six page R & R, the Magistrate Judge carefully considered Defendant's claims and correctly concluded that "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (emphasis in original). Against this backdrop, Defendant cannot claim that counsel's failure to file an appeal pursuant to his instructions constitutes ineffective assistance. (Doc. 683 at 1.)

With regard to Defendant's contention that his counsel was ineffective for failing to challenge the court's application of the "minor/minimal participant" sentencing guideline, otherwise known as Amendment 794, the Magistrate Judge properly concluded that Amendment 794 did not apply because Defendant's role in the drug conspiracy was not minor or minimal, *see* Doc. 651 at 117, 121 (adopting the findings of the Presentence Report that Defendant "was a leader of a criminal activity that involved five or more participants, or was otherwise extensive," and finding that Defendant was "the kingpin[]" and was "in charge[]"), and that application of Amendment 794 would not have lowered Defendant's advisory Guidelines imprisonment range of 360 months to life imprisonment.

Finally, the Magistrate Judge correctly determined that the Supreme Court's holding in *Gamble v. United States*, 139 S. Ct. 1960 (2019) is inapplicable to this case because Defendant was not subjected to successive prosecutions by separate sovereigns. The court finds the Magistrate Judge's conclusions well-reasoned and consistent with the applicable law.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 688), DENIES Defendant's petitions to vacate, set aside, or correct his

sentence (Docs. 648, 668), DENIES Defendant's motion to restore his appellate rights (Doc. 671), and DISMISSES his § 2255 petitions (Docs. 648, 668).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of January, 2021.

Christina Reiss, District Judge
United States District Court